UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| CHERYL MESNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| BETHANY CHRISTIAN SERVICES | ) |
| of ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Cheryl Mesnard ("Mesnard" or "Plaintiff"), by counsel, brings this action against Defendant, Bethany Christian Services of Illinois ("Defendant"), for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*, and the Age Discrimination in Employment Act ("ADEA").

### II. PARTIES

2. Mesnard is a resident of Olney, Illinois, who at all relevant times to this action worked within the geographical boundaries of the Southern District of Illinois.

3. Defendant is a not-for-profit corporation that has locations within and routinely conducts business within the geographical boundaries of the Southern District of Illinois.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §626(c) and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b) and 42 U.S.C. §12111(5).

6. Mesnard was an "employee" as that term is defined by 29 U.S.C. §630(f) and 42 U.S.C. §12111(4).

7. Mesnard satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No.: 440-2022-05997 against Defendant alleging discrimination based on disability and age. Mesnard received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Illinois; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Mesnard, who is fifty (50) years old, was hired by Defendant on or about October 11, 2021, as a Caseworker.

10. During all relevant time periods, Mesnard met or exceeded Defendant's legitimate performance expectations.

11. Mesnard was the oldest employee at her location. All other employees were under the age of forty (40).

12. Mesnard is a qualified individual with a disability and/or has a record of disability and/or is regarded as disabled within the meaning of the Americans with Disabilities Act as amended (ADA). Mesnard was to have surgery in or about December 2021 but put it off until February 2022 due to Defendant being short on staff. After the surgery, Mesnard would be out from work for eight (8) weeks.

13.     Mesnard put off her surgery to train two (2) employees, Megan Pate ("Pate") and Emma Marsh ("Marsh") – both of whom are believed to be in their twenties.

14.     Right before Mesnard took her medical leave for surgery in February 2022, Mesnard was written up by Defendant for three (3) alleged incidents:

    a.     A Facebook post about social workers drinking. Mesnard does not recall making such post, and Defendant did not provide a copy of the post.

    b.     A client complaint. Mesnard's position is such that client complaints are relatively common.

    c.     Mesnard had written a client's last name on a post-it note and threw the note into the trash. Mesnard's supervisor, Kristie Scarborough ("Scarborough"), and co-worker Amanda Hess ("Hess") did the same thing at the same time and were not disciplined.

15.     While on medical leave, Mesnard's boss, Annette Meyers ("Meyers") called Mesnard and told her she would have to work while on medical leave.

15.     On or about April 12, 2022, also while Mesnard was out on medical leave, Scarborough also called Mesnard and instructed her to call Human Resources. Mesnard called HR and her employment was terminated.

16.     Mesnard was terminated for allegedly providing the name of a Parenting Educator to a client. Even though the Parenting Educator's name is available to the public, Mesnard did not provide the name to the client.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

17. Mesnard hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint as if the same were set forth at length herein.

18. Defendant violated Mesnard's rights as protected by the ADA, 42 U.S.C. §12101 *et seq.* by discriminating against her because of her actual or perceived disability.

19. Mesnard's employment was terminated because of her disability.

20. Defendant's actions were intentional, willful, and in reckless disregard of Mesnard's rights as protected by the ADA.

21. Mesnard has suffered damages as a result of the Defendant's unlawful actions.

## COUNT II: ADEA DISCRIMINATION

22. Mesnard hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Mesnard's employment was terminated because of her age.

24. Defendant's actions were intentional, willful, and in reckless disregard of Mesnard's rights as protected by the ADEA.

25. Mesnard has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Cheryl Mesnard, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Mesnard's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Mesnard of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's violations of the ADEA

5. Compensatory damages for Defendant's violations of the ADA;

6. Punitive damages for Defendant's violations of the ADA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/*Kyle F. Biesecker*
Kyle Biesecker
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Email: kfb@bdlegal.com

*Counsel for Plaintiff, Cheryl Mesnard*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Cheryl Mesnard, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC
        By: /s/*Kyle F. Biesecker*
        Kyle Biesecker
        411 Main Street
        Evansville, IN 47708
        Telephone: (812) 424-1000
        Email: kfb@bdlegal.com

        *Counsel for Plaintiff, Cheryl Mesnard*